

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF THE STATE OF NEW YORK**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 07 2025 ★
BROOKLYN OFFICE

LEONARD CLINGMAN, a natural person,
    Plaintiff,

Case No:

v.

**COMPLAINT**

FORWARD BLUE, a Political Action Committee,
    Defendant.

**JURY TRIAL DEMANDED**

RECEIVED
MAY 07 2025
PRO SE OFFICE

## INTRODUCTION

1. It is estimated that U.S. consumers received 52.8 billion telemarketing robocalls in 2024.[1]

2. Since 1991, Congress and the United States Supreme Court have acknowledged telemarketing and robocalls as the "scourge of modern civilization"[2], recognizing that

> "[T]elemarketers wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."[3]

> "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls."[4]

3. In response federal legislation - such as the Telephone Consumer Protection Act ("TCPA") and subsequent Telemarketing and Consumer Fraud and Abuse Prevention Act ("TCFAPA") which established the Telemarketing Sales Rule ("TSR") - was enacted and aimed at curbing telemarketers' invasive, disruptive, deceitful and abusive tactics. Looking to provide protections beyond existing

---

[1] See
https://www.prnewswire.com/news-releases/us-consumers-received-nearly-4-4-billion-robocalls-in-december-52-8-billion-in-all--2024--according-to-youmail-robocall-index-302348867.html
[2] See remarks of Sen. Hollings, the lead sponsor of the TCPA; 137 Cong. Rec. 30,821 (1991)
[3] Id.
[4] See *Barr v. American Association of Political Consultants*, 140 S. Ct. 2335; 207 L. Ed. 2d 784

federal legislation, New York enacted numerous additional telemarketing laws[5] ("NYGBL") in 1994.

4. The TCPA, TSR and NYGBL include a private right of action for wronged persons and each serves a remedial purpose.[6]

5. Under the TCPA, TSR and NYGBL text messages are "phone calls".[7]

6. Plaintiff received numerous violatory telemarketing text messages from Defendant - a political action committee which sought monetary donations from Plaintiff and, upon information and belief, millions of others - between September and October 2024. Defendant's acts were done knowingly, intentionally and wilfully.

7. These Texts continuously invaded Plaintiff's privacy, caused annoyance and disruption and cost him time and money, exactly as contemplated by legislators enacting these protections from telemarketers. Accordingly, Plaintiff brings the instant claims seeking to enjoin Defendants from these acts, damages, costs and attorneys fees. Plaintiff demands a jury trial.

## VENUE AND JURISDICTION

8. This Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. § 1331 as the action presents a federal question under 47 U.S.C. § 227 *et seq.*

---

[5] See see NYGBL §§ 399-p, 399-pp and 399-z

[6] Quoting *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, (2d Cir. 2020); "By creating such a private cause of action, the hope was the telemarketers would be deterred from undertaking ATDS-fueled advertising campaigns—and that American cell phone users would have fewer "rings" and "buzzes" interrupting their days."

[7] See *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009)

9. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a).

10. Venue in this action is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

11. Defendant FORWARD BLUE ("Forward Blue") is a Super Political Action Committee ("Super PAC") registered with the U.S. Federal Elections Commission and with a principal mailing address of P.O. Box 702, Somers Point, NJ, 08244. Forward Blue's primary business is fundraising for political campaigns using digital technologies.

12. Plaintiff LEONARD CLINGMAN is a natural person residing in Brooklyn, NY, and was in Brooklyn when all text messages relevant to this complaint were sent to, and received by, him.

13. All parties are "persons" as defined by the TCPA and NYGBL.

14. Defendant is a "telephone solicitor" as defined by NYGBL § 399-p(1)(e), a "telemarketer" engaged in "telemarketing" as defined by NYGBL §§ 399-pp(j) and (k), and an "entity" for the purposes of 47 C.F.R.

15. Defendants were at all times relevant "telemarketers" engaged in "telemarketing" as defined by 16 C.F.R. § 310.2(hh) and (ii) and New York General Business Law § 399-z(h) and (i).

16. Plaintiff is a "consumer" as defined by NYGBL § 399-p(1)(c).

17. Plaintiff did not at any time give any form of consent to contact him - by phone, voice or text, whether express, written or otherwise - to any of the Defendants who are a part of this complaint.

**COMPLAINT - 3**

## NATURE OF THE ACTION

*The Prolific Use of Robotexts and Automated Telephone Dialing Systems in Political Campaigns*

18. "Political texting is now the default campaign strategy for politicians and campaigners." according to a 2022 report published by industry-leader RoboKiller.[8]

> "Political text messages, which typically arrive in the form of donation requests and pleas for support at the polls, are here to stay no matter how much Americans may wish them to vanish. Political calls, on the other hand, are diminishing in frequency. They remain a significant cog in the political vote gathering machine, but pale in comparison to SMS."[9]

In fact, people living in America received over 15-billion political text messages in 2022 compared to only 384 million political phone calls.[10]

19. To send such a volume of texts, political telemarketers largely rely on "robotexts" sent using Automatic Telephone Dialing Systems ("ATDS") which allow for automated mass delivery of text messages. The use of ATDS in telemarketing is unlawful under the TCPA, TSR and NYGBL.

20. This pattern of abusive and invasive robotexts from political telemarketers has resulted in numerous lawsuits against presidential, and other, political campaigns and organizations, including PACs like Defendant.[11]

---

[8] https://cdn.prod.website-files.com/61f9a8793a878d7f71c5505d/6410b01dc52f81e36e363511_The%20Robokiller%20Political%20Message%20report_2.pdf

[9] Id.

[10] Id.

[11] See *Buller v. Bernie 2020 Inc.*, MN (2020), *Flores v. Trump Make America Great Again*, CD Ca. (2021), *Camunas v. National Republican Senatorial Committee*, ED Pa. (2021), *Clifford v. National Republican Senatorial Committee*, SD Tx. (2021), *Lenhardt v. Democratic Party HQ*, Kan. (2021)

COMPLAINT - 4

*Clingman v. Forward Blue*

21. Defendant primarily uses robotexts sent using ATDS to target and solicit what are, upon information and belief, millions of donors each year. It has been highly successful with these campaigns; according to its most-current FEC financial summary, Forward Blue received over $21.9million in financial contributions from donors in 2024 alone.[12]

22. Forward Blue's top three expenditures in 2024 were to vendors who specialize in robotext campaigns, namely Middle Seat Consulting, Switchboard and Message Digital[13] which totaled over $11.9million in 2024.[14] Vendor Switchboard's website claims that it sent "billions" of text messages as part of client campaigns in 2024. According to its website, Message Digital "provides. . .text solutions designed for large-scale digital programs" and its proprietary technology "can dramatically improve your high-volume texting program's results." (emphasis added)

23. Forward Blue's use of robotexts is so prominent that it is addressed by one of only four "Frequently Asked Questions" on the Forward Blue website which addresses the question of "What's up with the text messages you guys send?"[15] Upon information and belief, the need for that FAQ is a byproduct of the number of robotexts sent, and questions and complaints regarding them, by victims of Defendant.

24. Although political campaign calls and text messages are exempt from the TCPA's Do Not Call Registry requirements, they are not exempt from other provisions of the TCPA, TSR or NYGBL.

---

[12] https://www.fec.gov/data/committee/C00835041/?tab=summary
[13] See https://www.opensecrets.org/political-action-committees-pacs/forward-blue/C00835041/expenditures/2024
[14] Id.
[15] https://www.forwardblue.org/about

In fact, the FCC - who oversees the TCPA - issues a biennial reminder for political campaigns about robocall and robotext abuse.[16]

## STATEMENT OF FACTS

### I.    *Plaintiff and His Phone Number*

25. Since 2017, the cellular phone number (646) 881-8777 (the "Number") has been assigned, and used, solely to and by Plaintiff. The Number is assigned by a major U.S. cellular carrier who is a common carrier as defined by the TCPA. Plaintiff uses this Number as his primary form of daily communication and solely for personal and residential purposes such as keeping in touch with friends and family, ordering and receiving household goods and food deliveries and scheduling medical appointments.

26. Plaintiff's Number was not ported over from another carrier at any time.

27. Plaintiff pays for the exclusive use of his cellular phone and Number, including for received text and SMS messages and data usage and storage. Each text message to Plaintiff's Number is charged to him and is counted against his monthly allotment of calls, texts and data usage. Additionally, each text received by Plaintiff reduces the amount of storage, and the battery level, on his cellular phone and therefore its performance.

28. Plaintiff has gone to great lengths to prevent unsolicited and non-consensual telemarketing calls and texts to his Number and, in turn, to protect his privacy and peace of mind, including placing himself on the national Do Not Call Registry in 2017 and purchasing private services such as

---

[16] See FCC Enforcement Advisory, last updated March 2025; https://www.fcc.gov/rules-political-campaign-calls-and-texts

DeleteMe[17] in or around 2020, both of which are meant to drastically limit unsolicited and non-consensual telemarketing calls and texts to his Number.

## II.  *Plaintiff Has No History or Relationship With Defendant*

29. Plaintiff has not at any point given any form of consent to Defendant or its affiliates to make calls, send text messages, use ATDS or artificial or prerecorded voice or otherwise leave messages with Plaintiff at his Number.

30. Plaintiff does not have, and has not had at any point, any kind of relationship with Defendant or its affiliates including an established business relationship or personal relationship.

## III.  *Violatory Texts Sent to Plaintiff by Defendant*

31. Between September 10th and October 10th, 2024, Defendant knowingly, wilfully and intentionally sent, or caused to be sent, the three (3) telemarketing robotexts below (the "Texts") directly to Plaintiff at his Number. [See TABLE 1]

---

[17] See www.joindeleteme.com

## TABLE 1

3:39                                           ●ll 🛜 🔋



+1 (202) 571-8856

Text Message · SMS
Tue, Sep 10 at 9:31 PM

Before Kamala leaves the debate
stage, top Dems unlocked a 5X-
MATCH to multiply all $15+
donations by midnight! >>https://
forward-blue.us/8V7k3x
End 2 End

Fri, Sep 27 at 12:39 PM

Robert De Niro and George Clooney
are rallying for Kamala Harris! All
donations are 500% MATCHED
today. Rush $15: https://forward-
blue.us/9MQQJd

End 2 End

Thu, Oct 10 at 8:33 PM

De Niro & Clooney are all-in for
Kamala! 500% MATCH unlocked for
every donation until midnight!

Chip in now: https://forward-blue.us/
bL3dJ2

Fwd Blue
end 2 end

The sender is not in your contact list
Report Junk

+                                              🎤

COMPLAINT - 8

*Clingman v. Forward Blue*

32. At all times relevant, the link included in each of the Texts redirects a user to http://secure.actblue.com/donate/fbp_sms_202409_grassroots_5x_kamala?refcode=09242024_s ms_0_b3&amount=15&refcode2w=9MQQJd which then displays a donation landing page for Forward Blue: [See Table 2]

### TABLE 2



33. That landing page also includes the text, "Forward Blue's work to reelect Kamala Harris and defend our Senate is just beginning. We're making early investments to help protect our Democratic Senators and win in battleground states. Will you rush a donation (500% MATCHED!) before midnight so we can build our grassroots power into November?" and "If you would prefer to donate by check, please mail a check made out to Forward Blue at PO Box 702, Somers Point, NJ 08244."

34. Defendant's Texts to Plaintiff were solicitations for monetary contributions to Defendant.

35. Each of the Texts came from the telephone number (202) 571-8856, a Washington D.C. area code. However, the Texts were sent, upon information and belief, from New Jersey - or, alternatively, by an organization located in New Jersey - and not Washington D.C..

36. Upon information and belief, Defendant knowingly and intentionally caused the caller ID to display a Washington D.C. number instead of a New Jersey number in order to make Plaintiff - and others who it solicited - believe that the call was coming from Washington D.C. and was, therefore, more credible given the context of it being a solicitation for a U.S. political party engaged in a presidential election. Defendant's hope was that this would result in a higher likelihood of gaining Plaintiff's trust and therefore receiving a monetary donation.

37. The FCC defines the above as a "scam" called "Caller ID Spoofing" which it defines as,

> "[W]hen a caller deliberately falsifies the information transmitted to your caller ID display to disguise their identity. Scammers often use neighbor spoofing so it appears that an incoming call is coming from a local number, or spoof a number from a company or a government agency that you may already know and trust."[18]

38. At all times relevant, calling the number (202) 571-8856 elicits only a busy signal. Upon information and belief, the number (202) 571-8856 is not an operational number, is only used for Defendant's outbound telemarketing campaigns and is not the actual telephone number of Defendant.

39. Defendant authorized, or otherwise ratified, the Texts to be sent to Plaintiff in the manner they were sent.

40. The Texts were not sent for an emergency purpose.

---

[18] See https://www.fcc.gov/consumers/guides/spoofing

41. Upon information and belief, these same texts were also sent to tens-of-millions of other people in the United States at or around the same time as Plaintiff received the Texts.

42. In March 2025, Plaintiff requested from Defendant its telemarketer's certificate of registration with the New York Department of State and its written policy regarding maintaining a "do not call" list. Each is required to be provided upon request of an interested party, such as Plaintiff, pursuant to NYGBL § 399-pp(6)(a)(1) and 47 C.F.R. 16.1200(d)(1) respectively. Plaintiff sent this communication to the email address listed on Defendant's website's Terms and Conditions, info@forwardblue.org, and to its listed mailing address via Certified Mail at P.O. Box 702, Somers Point, NJ, 08244. Defendant has, upon information and belief, received this communication but has wilfully not responded nor provided the certificate of registration or written do not call policy. Upon information and belief, Defendant is acting as a telemarketer in the state of New York without proper registration and without a written policy regarding maintenance of a do not call list, which are both required.

## IV.    *Violatory Texts Were Sent Using ATDS and Automatic Dialing-Announcing Device*

43. The Texts were "robotexts" for which Defendant used, or authorized and ratified use of, an ATDS as defined by 27 U.S.C. § 227(a)(1) and an automatic dialing-announcing device ("ADAD") as defined by NYGBL § 399-p(1)(a).

44. The Texts used non-personal, promotional verbiage that is customary for robotexts sent by ATDS and ADAD which directs the receiver to respond "text STOP to quit" which triggers the sender's

COMPLAINT - 11

ATDS/ADAD system to stop sending text messages to the receiver. It is general knowledge that a text containing this verbiage is sent automatically and not by a person.

45. The sheer number of this same text sent to others necessitates that an ATDS and ADAD are used to send the texts, including the Texts sent to Plaintiff.

46. The ATDS/ADAD device used by Defendant to deliver the Texts had the capacity to store, produce and dial telephone numbers to be called using a random and sequential number generator and was automatic equipment which incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone number called without the use of an operator.

47. Further discovery will allow for the identification of the specific ATDS/ADAD device and/or equipment used by Defendant to send the Texts.

## V. *Plaintiff Has Been Injured*

48. The unauthorized Texts have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of data, memory and storage on the phone.

49. Defendant's Texts contain TSR violations which subject it to potential monetary penalties of $53,088 for each violation and which are solely prosecutable by the Federal Trade Commission. Plaintiff has served written notice of this complaint and the complaint itself and other pleadings to

---

be filed alongside it to the Office of the Director, Bureau of Consumer Protection, Federal Trade

Commission, Washington, DC 20580, at *tsrnotice@ftc.gov* as required by 16 C.F.R. 310.7(a).

50. Defendant's Texts contain TCPA violations in addition to those which are subject to a private right

of action and which are solely prosecutable by the Federal Communications Commission ("FCC")

and therefore Plaintiff intends to deliver this complaint to the FCC with a request to pursue those

violations.

51. Defendant's Texts contain NYGBL violations in addition to those which are subject to a private

right of action and which are solely prosecutable by the Attorney General of the State of New York

and therefore Plaintiff intends to deliver this complaint to the Attorney General's office with a

request to pursue those violations.

## FIRST CAUSE OF ACTION
*Use of ATDS in Violation of TCPA / 47 C.F.R. 16.1200(a)(1)(iii)*

52. Plaintiff incorporates by reference all statements made previously in this complaint.

53. Defendant initiated the Texts to Plaintiff without his prior consent and the texts were not made for

an emergency purpose.

54. Defendant used an ATDS to send the Texts.

55. Defendant is liable to Plaintiff for $500 for each Text in violation of 47 C.F.R. 16.1200(a)(1)(iii)

and Plaintiff seeks to enjoin Defendant from future violations, pursuant to 27 U.S.C. §

227(b)(3)(B).

56. Defendant wilfully and knowingly violated this statute and Plaintiff accordingly seeks treble damages of $1,500 for each violation pursuant to 27 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
*Use of ATDS in Telemarketing in Violation of TCPA / 47 C.F.R. 16.1200(a)(2)*

57. Plaintiff incorporates by reference all statements made previously in this complaint.

58. Defendant initiated, or caused to be initiated, the Texts to Plaintiff which introduced an advertisement and constituted telemarketing in violation of 47 C.F.R. 16.1200(a)(2).

59. Defendant is liable to Plaintiff for $500 for each Text in violation of 47 C.F.R. 16.1200(a)(2) and Plaintiff seeks to enjoin Defendant from future violations, pursuant to 27 U.S.C. § 227(b)(3)(B).

60. Defendant wilfully and knowingly violated this statute and Plaintiff accordingly seeks treble damages of $1,500 for each violation pursuant to 27 U.S.C. § 227(b)(3)(C).

## THIRD CAUSE OF ACTION
*Telemarketing Call Outside of 8am-9pm in Violation of TCPA / 47 C.F.R. 16.1200(c)(1)*

61. Plaintiff incorporates by reference all statements made previously in this complaint.

62. Defendants September 10th, 2024, Text to Plaintiff was sent outside the hours of 8am-9pm EST, where Plaintiff was when he received that Text, in violation of 47 C.F.R. 16.1200(c)(1).

63. Defendant is liable to Plaintiff for $500 for each Text in violation of 47 C.F.R. 16.1200(c)(1) and seeks to enjoin Defendant from future violations, pursuant to 27 U.S.C. § 227(b)(3)(B).

64. Defendant wilfully and knowingly violated this statute and Plaintiff accordingly seeks treble damages of $1,500 for each violation pursuant to 27 U.S.C. § 227(b)(3)(C).

## FOURTH CAUSE OF ACTION

*Inaccurate Caller ID Information in Violation of TCPA / 47 C.F.R. 64.1604(a)*

65. Plaintiff incorporates by reference all statements made previously in this complaint.

66. Defendant caused Plaintiff's caller identification service to display misleading and inaccurate caller identification information, namely the telephone number the Texts were sent from, with the intent to defraud and wrongfully obtain a monetary donation from Plaintiff in violation of 47 C.F.R. 64.1604(a).

67. Defendant had a duty to Plaintiff to provide accurate caller identification information in the Texts and negligently and wilfully failed to do so.

68. Defendant is liable to Plaintiff for $500 for each Text in violation of 47 C.F.R. 64.1604(a) and seeks to enjoin Defendant from future violations, pursuant to 27 U.S.C. § 227(b)(3)(B).

69. Defendant wilfully and knowingly violated this statute and Plaintiff accordingly seeks treble damages of $1,500 for each violation pursuant to 27 U.S.C. § 227(b)(3)(C).

## FIFTH CAUSE OF ACTION
*Call Using ADAD Without Providing Requisite Caller Information in Violation of
NYGBL §§ 399-p(2) and 399-p(3)(a)*

70. Plaintiff incorporates by reference all statements made previously in this complaint.

71. Defendant's Texts used an ADAD but did not state at the beginning of the Texts that the Texts were sent on behalf of Forward Blue, and did not state at the end of the message the address and telephone number of Forward Blue in violation of NYGBL §§ 399-p(2) and 399-p(3)(a).

72. Defendant is liable to Plaintiff for actual damages, or statutory damages of $50, for each violation and seeks to enjoin Defendant from future violations pursuant to NYGBL § 399-p(9).

73. Defendant wilfully and knowingly violated this statute and Plaintiff accordingly seeks treble damages of up to $1,000 for each violation pursuant to NYGBL § 399-p(9).

## SIXTH CAUSE OF ACTION
*Operation of ADAD in Violation of NYGBL § 399-p(4)*

74. Plaintiff incorporates by reference all statements made previously in this complaint.

75. Defendant's Texts used an ADAD in violation of NYGBL §§ 399-p(4).

76. Defendant is liable to Plaintiff for actual damages, or statutory damages of $50, for each violation, seeks to enjoin Defendant from future violations and seeks attorneys fees pursuant to NYGBL § 399-p(9).

77. Defendant wilfully and knowingly violated this statute and Plaintiff accordingly seeks treble damages of up to $1,000 for each violation pursuant to NYGBL § 399-p(9).

## SEVENTH CAUSE OF ACTION
*Telemarketing Without Registration in Violation of NYGBL § 399-pp(3)(a)*

78. Plaintiff incorporates by reference all statements made previously in this complaint.

79. Defendant acted as a telemarketer when sending the Texts to Plaintiff without having received a valid certificate of registration in violation of NYGBL §§ 399-pp(3)(a).

80. Defendant is liable to Plaintiff for actual damages, or statutory damages of $50, for each violation, seeks to enjoin Defendant from future violations and seeks attorneys fees pursuant to NYGBL § 399-pp(11)(a).

81. Defendant wilfully and knowingly violated this statute and Plaintiff accordingly seeks treble damages of up to $1,000 for each violation pursuant to NYGBL § 349(h).

## EIGHTH CAUSE OF ACTION
*Failure to Provide Telemarketer Registration in Violation of NYGBL § 399-pp(6)(a)(1)*

82. Plaintiff incorporates by reference all statements made previously in this complaint.

83. Defendant failed to provide to Plaintiff a valid certificate of registration upon request by Plaintiff in violation of NYGBL §§ 399-pp(6)(a)(1).

84. Defendant is liable to Plaintiff for actual damages, or statutory damages of $50, for each violation, seeks to enjoin Defendant from future violations and seeks attorneys fees pursuant to NYGBL § 399-pp(11)(a).

85. Defendant wilfully and knowingly violated this statute and Plaintiff accordingly seeks treble damages of up to $1,000 for each violation pursuant to NYGBL § 349(h).

## NINTH CAUSE OF ACTION
*Failure to Provide Telemarketer Information in Violation of NYGBL § 399-pp(6)(b)(1)(b)*

86. Plaintiff incorporates by reference, and with full force, all statements made previously in this complaint.

87. When making the Texts to Plaintiff, Defendant failed to, in a clear and coherent manner using words with common and everyday meanings and at the beginning of the Texts, the telemarketer's name and the person on whose behalf the solicitation is being made in violation of NYGBL §§ 399-pp(6)(b)(1)(b).

88. Defendant is liable to Plaintiff for actual damages, or statutory damages of $50, for each violation, seeks to enjoin Defendant from future violations and seeks attorneys fees pursuant to NYGBL § 399-pp(11)(a).

89. Defendant wilfully and knowingly violated this statute and Plaintiff accordingly seeks treble damages of up to $1,000 for each violation pursuant to NYGBL § 349(h).

## TENTH CAUSE OF ACTION
*Misleading Caller ID Information in Violation of NYGBL § 399-pp(7-a)*

90. Plaintiff incorporates by reference all statements made previously in this complaint.

91. Defendant knowingly caused the caller identification service used in the Texts to transmit misleading, inaccurate, and false caller identification information in violation of NYGBL §§ 399-pp(7-a).

92. Defendant is liable to Plaintiff for actual damages, or statutory damages of $50, for each violation, seeks to enjoin Defendant from future violations and seeks attorneys fees pursuant to NYGBL § 399-pp(11)(a).

93. Defendant wilfully and knowingly violated this statute and Plaintiff accordingly seeks treble damages of up to $1,000 for each violation pursuant to NYGBL § 349(h).

## RELIEF SOUGHT

PLAINTIFF respectfully requests judgment against Defendant as follows:

1. ENJOINING Defendants from contacting Plaintiff for purposes of telemarketing and from using the same violatory tactics which are the subject of this complaint;

2. FINDING Defendant liable and awarding to Plaintiff actual or statutory damages in the amount of $500 for each violation of the TCPA; and

3. FINDING Defendant liable and awarding to Plaintiff treble actual or statutory damages of $1,500 for each wilful violation of the TCPA; and

4. FINDING Defendant liable and awarding to Plaintiff actual or statutory damages in the amount of $50 for each violation of the NYGBL; and

5. FINDING Defendant liable and awarding to Plaintiff treble actual or statutory damages of $1,000 for each wilful violation of the NYGBL; and

6. AWARDING appropriate and reasonable costs, attorneys fees and interest related to bringing and litigating these claims; and

7. AWARDING any further relief that the Court finds reasonable, just and proper.

April 28th, 2025
Brooklyn, NY

Respectfully Submitted,

Leonard Clingman
Defendant *pro se*
165 Tompkins Ave, #2
Brooklyn, NY 11206
646-881-8777
keithclingman@gmail.com

---

**COMPLAINT - 19**

## PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11. I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

April 28th, 2025

Leonard Clingman

Clingman
1657
Brooklyn, NY 11206

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    MAY 07 2025    ★

BROOKLYN OFFICE

Oklahoma City PSDC 73125

WED 30 APR 2025 PM

U.S.D.C., E.D.N.Y. - Pro Se Dept.
225 Cadman Plaza East
Brooklyn, NY 11201