

*** Filed ***
04:30 PM, 24 Oct, 2025
U.S.D.C., Eastern District of New York
1:25-cv-02618-LDH-LKE

Hon. LaShann DeArcy Hall, U.S. District Court Judge
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, NY 11201

**OPPOSITION TO DEFENDANTS' LETTER SEEKING PRE-MOTION CONFERENCE**
Re: *Clingman v. Forward Blue*

Your Honor,

I am the Plaintiff pro se in this case and write pursuant to this Court's Rule III(a)(5) in opposition to Defendants' letter requesting a pre-motion conference regarding its planned Rule 12(b)(6) motion. Respectfully, for the following reasons that request should be denied[1].

1) **Plaintiff's complaint meets the pleading standards of Iqbal/Twombly and therefore Defendant's motion to dismiss each of Plaintiff's claims pursuant to Rule 12(b)(6) will fail.**

Plaintiff's complaint (the "Complaint") meets the standard set by *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly* and therefore dismissal is not warranted.

2) **Defendant contradicts the basis of its primary argument.**

Defendant's primary argument relies on its position that this Court cannot, or should not, use FCC rulings based on what it purports to be the Supreme Court's direction[2]. However, at the same time, in making its secondary arguments, Defendant cites FCC rulings as authority that this Court should follow to bolster its other arguments[3]. Defendant cannot have it both ways and cannot "cherry-pick" only to its benefit.

3) **Defendant misapplies Supreme Court case law in its primary argument.**

Defendant's primary argument claims that Plaintiff's first, second and third TCPA causes of action must be dismissed because *"The Supreme Court's recent TCPA authorities hold that "text messages" do not fall within the scope of the statute." [4]* This is a patent misinterpretation and misapplication of the cited Supreme Court ruling, which only held that, *"The Hobbs Act does not bind district courts in civil enforcement proceedings to an agency's interpretation of a statute. District courts must independently determine the law's meaning under ordinary principles of statutory interpretation while affording*

---

[1] In addition to the arguments made here, Plaintiff also points out that Defendant has not met the threshold burden of providing "sufficient legal authority" as required by this Court's Rule III(A)(4) in its pre-motion hearing request

[2] See Defendant's pre-motion letter, Section I, pgs. 1-2

[3] See ID., pg. 2

[4] See Defendant's instant letter seeking pre-motion hearing, pg. 2; *"Defendant contends that the Supreme Court's recent TCPA authorities hold that "text messages" do not fall within the scope of the statute."*

1

*appropriate respect to the agency's interpretation."*[5] [emphasis added] Nothing at all in that ruling addressed text messages at all, let alone whether or not they fall within the scope of the TCPA, as Defendant claims. Still, following the Supreme Court's instruction, if this Court found it applicable, would result in this Court finding that text messages are telephone calls for purposes of the TCPA.

4) **The EDNY has ruled, citing the Supreme Court, that text messages are telephone calls for the purposes of the TCPA.**

"A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of [the TCPA]."[6] Further, "A text message "qualifies as a `call' within the compass of the TCPA."[7] [8]

5) **Defendant's Texts are patently advertising, telemarketing and telephone solicitation under 47 C.F.R. 64.1200(a)(2) and (c)(1).**

Defendant relies only on copies of the text messages in the Complaint while ignoring the links included in them, as well as the content of the website landing pages the texts directed Plaintiff to, in arriving at the conclusion that Plaintiff's first and second causes of action fail.[9] Viewing the website linked to in the texts, alongside the copy of the texts themselves, properly demonstrate that the texts introduce an advertisement or are telemarketing for purposes of Plaintiff's 47 C.F.R. 64.1200(a)(2) claim and are telephonic solicitation for purposes of Plaintiff's 47 C.F.R. 64.1200(c)(1) claim.[10] Additionally, district courts have consistently allowed identical claims to proceed.[11]

6) **Solicitations for political donations fall within the bounds of the TCPA.**

The FCC has, for decades, clearly ruled that solicitations for political donations made by "robotext" (text messages sent by an ATDS, as were those in the Complaint) fall within the bounds of the TCPA.[12] Additionally, district courts have frequently allowed the same claims to proceed.[13]

7) **Plaintiff's third cause of action is meritorious.**

Plaintiff's third cause of action alleges that Defendant violated 47 C.F.R. 64.1200(c)(1)[14] by placing a telephone solicitation to him outside the hours of 8am - 9pm. Defendant's instant request cites 47

---

[5] See *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp..*, pg. 2

[6] *Horton v. National Republican Senatorial Committee* (N.D. Tx., 2022) quoting *Campbell-Ewald Company v. Gomez* , 577 U.S. 153, 156 (2016)

[7] *Kannon v. Warranty Protection Services Inc.,* EDNY (2023), citing *Campbell-Ewald Co. v. Gomez.* 577 U.S. 153, 156 (2016).

[8] Notably, other Second Circuit courts routinely allow TCPA cases involving text message to go forward [see *Melito v. American Eagle Outfitters, Inc.* et al (S.D.N.Y. 2015)]

[9] Plaintiff's position is that the texts facially prove Plaintiff's position on their own. Plaintiff opposes this position but for purposes of this opposition only addresses Defendant's argument.

[10] Notably, this is one instance where Defendant contradicts itself by using FCC rulings as its statutory authority, and does not provide additional authority.

[11] See *Camunas v. National Republican Senatorial Committee* (E.D. Pa., May 26, 2021); *Horton v. National Republican Senatorial Committee* (N.D. Tx., 2022)

[12] See FCC Enforcement Advisory - March 2016; FCC Consumer Guide on Political Robotexts and Robocalls - March 2025.

[13] See *Camunas v. National Republican Senatorial Committee* (E.D. Pa., May 26, 2021); *Horton v. National Republican Senatorial Committee* (N.D. Tx., 2022)

[14] Plaintiff mistakenly cited "47 C.F.R. 16.1200" in his complaint, but intended to cite 47 C.F.R. 64.1200

2

U.S.C. 227(c)(5) as the basis of its attempt to dismiss this third cause of action. Specifically, Defendant argues that because claims under 47 U.S.C. 227(c) require "more than one telephone call within any 12-month period" that this cause of action cannot be maintained. However, 47 U.S.C. 227(c)(5) only applies to claims under 47 U.S.C. 227 subsection (c)[15], not claims under 47 C.F.R. 64.1200(c)(1), as is Plaintiff's third cause of action.[16]

**8)  The TCPA provides a private right of action for caller ID claims.**

District courts have found that a private right of action exists for TCPA plaintiffs claiming violations of 47 C.F.R. 64.1601 *et seq.*[17], as Plaintiff does in his fourth cause of action.

**9)  Supplemental jurisdiction will not be necessary, but if it is, this Court has discretion in keeping Plaintiff's NYGBL claims.**

Plaintiff's federal claims survive for the reasons above and therefore supplemental jurisdiction is not necessary.[18] In the case that this Court does find that the question of supplemental jurisdiction is active, this Court still has discretion to hear the remaining state claims pursuant to 28 U.S.C. 1367(c) and should respectfully elect to do so.[19]

**10) Text messages are telephone calls and telemarketing under NYGBL 399-p and 399-pp.**

Defendant's claim that text messages are not subject to the provisions of NYGBL 399-p and 399-pp fail for the same reasons its argument that text messages are not subject to the provisions of the TCPA fails.

For these reasons, Plaintiff respectfully requests that this Court deny Defendant's request for a pre-motion hearing and, in the case that Defendant's motion to dismiss is allowed to go forward, Plaintiff intends to oppose that motion on the grounds above[20].

Dated: October 24th, 2025                          Respectfully,
     Brooklyn, NY                          /s/ Leonard Clingman

---

[15] 47 C.F.R. 227(c)(5); *"A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection"* [emphasis added]

[16] Even if this Court finds otherwise, Plaintiff argues that because he received multiple calls within a 12-month period in violation of the TCPA that 47 U.S.C. 227(c)(5) extends to his claim for after hours telemarketing calls.

[17] See *Newell v. JR Capital,* 2:25-cv-01419-GAM (E.D. Pa. July 16 , 2025)

[18] See 28 U.S.C. 1367(a)

[19] Notably, and curiously, the case law cited by Defendant in support of its argument does not contemplate, let alone mention, jurisdiction or supplemental jurisdiction and therefore is not sufficient to carry Defendant's argument.

[20] Plaintiff does not waive any arguments, or rights related to, regarding the matter herein

3