## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF THE STATE OF NEW YORK

LEONARD CLINGMAN,
      Plaintiff,

v.

FORWARD BLUE,
      Defendant.

Case No: 1:25-cv-02618-LDH-LKE

**Motion to Reject Defendants'
Motion to Dismiss**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REJECT DEFENDANT'S MOTION TO DISMISS

Date of Service: December 8th, 2025

Leonard Clingman
Plaintiff *pro se*
165 Tompkins Ave., #2
Brooklyn, NY 11206
646-881-8777
keithclingman@gmail.com

# TABLE OF CONTENTS

I.      Introduction...................................................................................4

II.     Facts...........................................................................................4

III.    Argument......................................................................................4

      A. Defendant's motion to dismiss should be rejected as untimely as Defendant failed to meet its Ordered deadline...........................................................5

      B. Defendant's Motion should be rejected as improper as it did not move for an extension of time or demonstrate good cause and excusable neglect as required by FRCP 6(b)(1)(B)....................................................................4,5, 6

      C. Defendant has demonstrated a pattern of lack of diligence throughout the process related to its Motion.......................................................................7

      D. Plaintiff has been prejudiced against........................................................8

IV.     Conclusion....................................................................................8

V.      FRCP Rule 10(c) statement..................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir.2003)..........................................6

*Kassim v. City of Schenectady,* at 221 F.R.D. 363..........................................................7

*Link v. Wabash R. Co.,* 370 U.S. 626 (1962)..................................................................6

*Maness v. Meyers,* 419 U.S. 449 (1975).......................................................................5

*Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir.2000)...........................6, 7

*Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 104 (S.D.N.Y. 2003)..............7

*Sokol Holdings, Inc. v. BMB Munai, Inc.* et al, No. 1:2005cv03749 - Document 108 (S.D.N.Y. 2009).................................................................................................................7

**Statutes/Rules**

FRCP 6(b)(1)(A)....................................................................................................5, 7

FRCP 6(b)(1)(B)...................................................................................................4, 5, 6

FRCP 16(f)(1)(C)........................................................................................................6

FRCP 37(b)(2)(A)(iii), (v) & (vi).................................................................................6

FRCP Rule 83(b).......................................................................................................6

Indiv. Practices of The Hon. LaShann DeArcy Hall III (B)(1)..........................................5, 6

## I.    Introduction

Plaintiff *pro se* Leonard Clingman ("Plaintiff") respectfully seeks an order rejecting Defendant's motion to dismiss [Dkt. No. 19] (the "Motion") as untimely and improper. Additionally, Plaintiff respectfully seeks an order directing Defendant to file an answer.

In the case that this Court denies this motion to reject Defendant's motion, Plaintiff respectfully seeks an order extending his time to file an opposition to Defendant's motion.

## II.    Facts

On October 20th, 2025, Defendant sought a pre-motion conference in anticipation of its Rule 12(b)(6) Motion. [Dkt. No. 16] This Court denied that request [ECF Entry, Nov. 3rd] and set a clear, unambiguous deadline, via Order, of November 11th for service and filing of the Motion[1] (the "Briefing Schedule"). [Id.] On November 4th Defendant filed a letter and proposed scheduling order (the "Request") with this Court seeking to extend its deadline to file its Motion to November 25th. [Dkt. 18] Defendant's lone cited basis for that extension was "other pre-existing scheduling concerns". [Id.] This Court did not respond to Defendant's Request and did not sign the proposed order extending the deadline to serve its Motion. Defendant did not take any action with the Court to attempt to clarify the deadline after it submitted its Request, or otherwise seek further extension. Defendant ultimately served the motion to dismiss on Plaintiff on November 25th. [Dkt. No. 19] Defendant did not make any motion under FRCP 6(b)(1)(B) upon untimely serving its Motion on Plaintiff.

## III.    Argument

Summarily, Defendant's Motion is untimely and improper because it was served fourteen (14) days after this Court's Ordered deadline and was served and submitted to the Court without

---

[1] *"Defendant shall serve Plaintiff with their motion to dismiss on or before November 11, 2025."*

the requisite FRCP 6(b)(1)(B) motion demonstrating good cause and excusable neglect. In fact, Defendant did not address its untimeliness at all upon submitting its Motion.

Moreover, Defendant has been negligent and perfunctory in its obligations to this Court and Plaintiff throughout the process of serving and submitting its Motion, creating prejudice against Plaintiff and defeating this Court's ability to manage its calendars as it sees fit.

This Court has inherent and statutory authority to reject Defendant's Motion as untimely and improper and, respectfully, should do so.

**A. Defendant's motion to dismiss should be rejected as untimely as Defendant failed to meet its Ordered deadline.**

An Order of the Court must be obeyed until it is reversed by orderly and proper proceedings. [see *Maness v. Meyers*, 419 U.S. 449 (1975); Indiv. Practices of The Hon. LaShann DeArcy Hall III (B)(1); FRCP 6(b)(1)(B)] Therefore, a briefing order setting a deadline for the filing of a motion to dismiss is strictly enforced. [Id.] Even when a party has sought an extension of time to file a motion, the initial order and deadline stands–unless the Court orders otherwise–and must be met. [Id.]

Here, Defendant has failed to meet the Ordered November 11th deadline for service of its Motion. [see ECF Entry, Nov. 3rd] A briefing schedule on that Motion Ordered it to be served on Plaintiff by November 11th, 2025. [Id.] The deadline set by that Order was unambiguous.[2] Defendant sought, but was never granted,[3] an extension of time to file that Motion and therefore the Ordered deadline remained November 11th. Defendant then untimely served the Motion on November 25th.

---

[2] *"Defendant shall serve Plaintiff with their motion to dismiss on or before November 11, 2025."*
[3] Plaintiff notes that Defendant's request for an extension of time to serve its motion to dismiss did not meet the required standard of showing good cause required by FRCP 6(b)(1)(A) as outlined further in the brief and therefore it is possible that this is the reason why this Court refused to grant Defendant's requested extension

Defendant was aware,[4] or should have been aware, of this Court's Individual Practice ("IP") III (B)(1), which states that, "No changes in a briefing schedule may be made without the Court's approval." Accordingly, Defendant was aware, or should have been aware, that this Court's initial Briefing Schedule deadline of November 11th stood and was not modified by its proposed, and unsigned, amended briefing schedule.

District courts have inherent and statutory authority and power to manage cases and calendars to ensure the expeditious administration of justice [see Id.; *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); FRCP Rule 83(b); IRP B(1)] and this includes rejecting a motion and awarding costs and attorney fees. [see FRCP Rule 83(b); FRCP 16(f)(1)(C); FRCP 37(b)(2)(A)(iii), (v) & (vi)]

On these grounds alone this Court should reject Defendant's Motion.

Moreover, Defendant's efforts related to this motion as laid out further in this brief have been without diligence and were improper which gives additional grounds for the rejection of the Motion and an award of costs and fees.

**B. Defendant's Motion should be rejected as improper as it did not move for an extension of time or demonstrate good cause and excusable neglect as required by FRCP 6(b)(1)(B).**

When a party misses a court-ordered deadline it must move for an extension while demonstrating good cause and excusable neglect for missing the deadline. [see FRCP 6(b)(1)(B)][5] Defendant did not do so upon serving its untimely Motion.[6].

"Whether 'good cause' exists depends upon the diligence of the moving party. *See Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir.2003). . .; *Parker v. Columbia Pictures*

---

[4] Plaintiff assumes Defendant's familiarity with this Court's Individual Practices as it has cited them throughout this action

[5] *"When an act may or must be done within a specified time, the court may, for good cause, extend the time. . .on motion made after the time has expired if the party failed to act because of excusable neglect."*

[6] In fact, Defendant did not address its untimeliness whatsoever, let alone attempt to demonstrate good cause and excusable neglect

*Indus.,* 204 F.3d 326, 340 (2d Cir.2000)" [quoting *Kassim v. City of Schenectady,* at 221 F.R.D. 363 (N.D.N.Y. 2004)] [see also *Sokol Holdings, Inc. v. BMB Munai, Inc.* et al, No. 1:2005cv03749 - Document 108 (S.D.N.Y. 2009)] and a party "must show that, despite its having exercised diligence, the applicable deadline could not reasonably have been met." [See *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339-40 (2d Cir. 2000); *Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 104 (S.D.N.Y. 2003)]

Defendant's only proffered basis for seeking an extension of time for its Motion prior to the deadline was a threadbare, "other pre-existing scheduling concerns." This does not meet the FRCP 6(b)(1)(A) standard of showing good cause via diligence and that the deadline could not reasonably have been met even with that diligence. Defendant failed to even state what the "other pre-existing scheduling concerns" were let alone how they prevented it from meeting the November 11th deadline. Further, Defendant did not describe how—especially in light of it being a national firm which boasts of having a "deep bench"[7] and "more than 700 attorneys and advisors supporting our clients" [Id.]—it had attempted to, let alone was unable to, address these pre-existing scheduling concerns.

Therefore, Defendant has failed to meet both elements of demonstrating good cause for an extension of time on its Motion[8] and the Motion should be rejected.

## C. Defendant has demonstrated a pattern of lack of diligence throughout the process related to its Motion.

Defendant's perfunctory actions, and lack of action, described above demonstrate more than a simple oversight or singular issue; they demonstrate a pattern of lack of diligence and respect for this Court and Plaintiff.

---

[7] See https://www.bakerdonelson.com; main page, "Why Baker Donelson"
[8] Presumably, this is exactly why this Court did not grant Defendant's extension

Missed deadlines happen. Yet, there is a glaring difference between missing a deadline for good cause and action and/or negligence which disrespects this Court and other parties and this pattern of failures by Defendant reflects the latter.

**D.  Plaintiff has been prejudiced against.**

Upon recognizing that this Court had not signed Defendant's proposed order to extend its time to serve the Motion, and that the original deadline was approaching, Plaintiff, who is *pro se*, was initially confused and concerned as to the status of the Motion's deadlines. Because of this, Plaintiff was required to spend a significant amount of unnecessary time–approximately 15 hours–researching and planning around which deadline was proper, how and when to move forward in his opposition and how to address Defendant's tardiness. The time Plaintiff spent doing these things took away from the time that Plaintiff had to research his actual opposition to the Motion, weakening his position and ability to put it forward in his opposition.

Additionally, if Defendant is allowed to proceed with its Motion the significantly time- and effort-demanding work created by Defendant's untimeliness and impropriety which necessitated Defendant's instant motion to reject will be incremental to an actual opposition to the Motion itself.[9]

**IV.  Conclusion**

Based on the above, Plaintiff respectfully asks this Court to enter an order rejecting Defendant's Motion as untimely and improper and directing it to file an answer to the complaint by a date certain.

---

[9] Although Plaintiff is *pro se*, there is a cost to anyone's time and if Plaintiff was represented by counsel that counsel's time would be charged to Defendant at a significant rate

Alternately, in the case that this Court denies this motion to reject Defendant's Motion, Plaintiff seeks an order extending his time to file his opposition to Defendant's motion by 30 days from the date of the Order denying this instant motion.

## V.    FRCP Rule 10(c) statement.

Pursuant to FRCP 10(c), all statements made in this memorandum are, by this reference, incorporated throughout the memorandum.

Dated: December 8th, 2025

I declare certify under penalty of perjury and pursuant to 28 U.S.C. § 1746(2) that the foregoing is true and correct.

/s/ Leonard Clingman

Leonard Clingman
Plaintiff *pro se*
165 Tompkins Ave, #2
Brooklyn, NY 11206
646-881-8777
keithclingman@gmail.com

## CERTIFICATE OF WORD COUNT

Plaintiff *pro se* certifies pursuant to the Local Rule of the District Court for the Eastern District of New York 7.1(c) that this brief contains a total of 1,431 words and therefore complies with the District's word-count limitations and the Court's Individual Practices.

/s/ Leonard Clingman