**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Leonard Clingman,                                                    :     1:25-cv-02618-LDH-LKE

                    Plaintiff,                               :

          - against-                                        :

Forward Blue,                                                       :

                Defendant.                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REJECT
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**


**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
281 Witherspoon Street
3rd Floor
Princeton, NJ 08540
Telephone: (609) 490-4860
dedelman@bakerdonelson.com
*Attorneys for Defendant, Forward Blue*



Date of Service: December 11, 2025

Defendant, Forward Blue ("Defendant"), by and through the undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Plaintiff's Motion to Reject Defendant's Motion to Dismiss dated December 8, 2025 (the "Motion to Reject"). For the reasons outlined below, Defendant requests that the Court deny the Motion to Reject and require Plaintiff to respond to the Motion to Dismiss on the merits. Should Plaintiff require additional time to respond to Defendant's Motion to Dismiss, Defendant is certainly willing to consider an additional extension of time for same.

## RELEVANT BACKGROUND

Plaintiff filed this civil action on May 7, 2025, suing Defendant for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b), FCC regulations, and New York General Business Law ("NYGBL") §§ 399-p and 399-pp. (Compl., Dkt. No. 1.) Plaintiff delayed service on Defendant until September 27, 2025. Upon completing its initial analysis of the Complaint, Defendant requested a pre-motion conference and briefing schedule for a Rule 12(b)(6) motion to dismiss on October 20, 2025. (Dkt. Nos. 13, 16.) The Court denied the request for a pre-motion conference on November 3, 2025 and set out a briefing schedule that required Defendant to serve its motion to dismiss by November 11, 2025, with Plaintiff's opposition to be served by December 11, 2025, and a reply to be served by January 11, 2026. (Dkt. No. 17.)

Shortly thereafter, on November 3, 2025, Defendant's undersigned counsel emailed Plaintiff (who has appeared *pro se*) to meet and confer and request his consent to a brief extension of time allowing Defendant until November 25, 2025 to file its motion to dismiss.[1] Within minutes of receiving Defendant's request, Plaintiff responded that he did not oppose the extension, stating that "this proposed schedule works for me." *See* Edelman Decl., Ex. 1. Relying on Plaintiff's

---

[1] All exhibits referenced herein are attached to the Declaration of Daniel D. Edelman, filed concurrently herewith.

agreement to the proposed revised briefing schedule, Defendant filed its Unopposed Request for Extension of Time on November 4, 2024.[2] (Dkt. No. 18.) In compliance with this Court's Individual Practices I. E., the Unopposed Request was filed at least two business days prior to the original November 11, 2025 deadline for filing the motion to dismiss. The [Proposed] Revised Scheduling Order filed with the Unopposed Request was emailed to Chambers shortly after the noon hour on November 4, 2025, with Plaintiff copied on that communication. *See* Edelman Decl., Ex. 2.

Following the timely filing of the Unopposed Request, Defendant promptly and diligently proceeded to prepare a Notice of Motion to Dismiss and a comprehensive Memorandum of Law in support of its Motion to Dismiss. Defendant's papers were served (via email and U.S. Mail) on Plaintiff on November 25, 2025, pursuant to the agreement with Plaintiff that was reached on November 3, 2025. While the Court had not formally endorsed Defendant's Unopposed Request as of November 25, 2025 (which, to date, remains pending before the Court), Plaintiff did not in any way indicate or communicate with Defendant or the Court that he would not honor the agreement on the revised briefing schedule or that he would raise an improper technical argument as to timeliness. After all, Plaintiff had seven days between November 4 and 11, 2025 to rescind his consent, which he did not do. In fact, had Plaintiff really intended to challenge Defendant's Motion to Dismiss as untimely, he certainly did not do so promptly. Plaintiff waited another thirteen days to serve his abusive Motion to Reject on December 8, 2025, an ill-conceived and misguided attempt to oppose dismissal premised on a technicality—this Court's outstanding endorsement of the proposed revised briefing schedule—that has caused no prejudice to the Court or Plaintiff. As Plaintiff himself seeks alternative relief, with a request to "extend[] Plaintiff's time

---

[2] Conspicuously absent from Plaintiff's Motion to Reject papers is any reference to his confirmed agreement to the proposed revised briefing schedule.

to serve his opposition to Defendant's motion to dismiss by 30 days from the date this motion is decided," it is plainly apparent that Plaintiff has decided to waste judicial resources with a manufactured dispute over a nonissue rather than just reach out to the undersigned to secure additional briefing time for his response to the Motion to Dismiss.

## ARGUMENT

Plaintiff's Motion to Reject should be denied as both utterly meritless and profoundly abusive of judicial process and resources. Instead of responding to Defendant's Motion to Dismiss on the merits, Plaintiff misuses the timely filed but still outstanding Unopposed Request for Extension of Time to launch an improper challenge to the motion. Plaintiff has engaged in such bad-faith tactics despite his unequivocal agreement to the proposed revised November 25, 2025 briefing deadline.

### I.    Defendant's Motion to Dismiss is timely.

Contrary to Plaintiff's disingenuous contentions, Defendant's Motion to Dismiss was not untimely. *First*, Plaintiff consented to the revised November 25, 2025 briefing deadline and never rescinded his agreement. *Second*, Defendant filed a timely Unopposed Request for Extension of Time on November 4, 2025 which was more than two business days before the original November 11, 2025 deadline. Defendant did so in full and complete compliance with this Court's Individual Practices, Sect. I. E. *Third*, the Unopposed Request was filed timely pursuant to Federal Rule of Civil Procedure 6(b)(1)(A). The latter rule requires a request for extending time to be made "before the original time or its extension expires." Defendant filed the Unopposed Request on November 4, 2025, seven days before the original November 11, 2025 deadline.

As is well known, Rule 6(b) is a rule of general application giving discretion to the trial court to enlarge time limits either before or after they have expired. *Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2d Cir. 1988) ("The granting or denial of a motion to extend the time ...

3

lies within the discretion of the district court"). "[A]n application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021) ("Accordingly, 'an application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'") (citation omitted). Having secured Plaintiff's consent, Defendant complied with Rule 6(b)(1)(A) and timely requested an extension of time before the expiration of the original November 11, 2025 deadline. At all times, Defendant acted in good faith, as demonstrated by its timely meet-and-confer email to Plaintiff to secure the needed extension due to other pre-existing scheduling issues on other matters and its compliance with applicable rules and this Court's individual practices. As soon as the need for additional time was recognized on November 3, 2025, Defendant took immediate steps to secure a modest extension to prepare its Motion to Dismiss and ask for this Court's approval. Defendant did not disregard or flaunt deadlines. Defendant served its papers by the agreed revised deadline while awaiting this Court's endorsement of the proposed revised briefing schedule.

Contrary to Plaintiff's assertions, Defendant did not have to file a motion under Rule 6(b)(1)(B) which applies only to a request for extension "made after the time has expired if the party failed to act because of excusable neglect." This Court's outstanding endorsement of the agreed revised schedule did not somehow require Defendant to file a second motion under Rule 6(b)(1)(B) after it had already submitted a timely Unopposed Request under Rule 6(b)(1)(A) and this Court's Individual Practices, Sect. I. E.

**II.      There is no prejudice resulting from Defendant's filing on November 25, 2025.**

Contrary to Plaintiff's self-serving claims, Defendant's filing of its Motion to Dismiss on November 25, 2025 has caused no prejudice to Plaintiff or to the Court. Plaintiff's assertion that

4

Defendant's filing operates to "defeat[] this Court's ability to manage its calendars as it sees fits," is completely without merit. So is Plaintiff's contention of self-inflicted prejudice for his alleged confusion "around which deadline was proper, how and when to move forward in his opposition and how to address Defendant's tardiness." The truth of the matter is that Plaintiff could not have been confused about the revised briefing schedule that he expressly consented to, and instead, elected to waste his time concocting an improper argument to try to avoid Defendant's Motion to Dismiss altogether. Had Plaintiff been confused about the deadlines, he could have conferred with Defendant or sought clarification from the Court. Rather, Plaintiff did nothing and has now wasted the parties' and this Court's time and resources with his meritless motion practice.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court enter an Order denying Plaintiff's Motion to Reject Defendant's Motion to Dismiss and requiring Plaintiff to respond to the Motion to Dismiss on the merits by a date certain. And should Plaintiff need additional time to respond to the Motion to Dismiss, Defendant is certainly willing to agree to an additional brief extension of time for same.

Dated: December 11, 2025.

/s/ Daniel D. Edelman
Daniel D. Edelman

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
281 Witherspoon Street
3rd Floor
Princeton, NJ 08540
Telephone: (609) 490-4860
dedelman@bakerdonelson.com
*Attorneys for Defendant, Forward Blue*

5

## CERTIFICATE REGARDING WORD COUNT AND PAGE LIMIT

The undersigned attorney certifies that that Defendant's Memorandum of Law complies with the word-count limitation set forth in Local Rule 7.1(c), as well as the page limitation outlined in this Court's Individual Practices.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2025, a true and correct copy of the foregoing was served via email and U.S. Mail on all counsel or parties of record listed below:

Leonard Clingman
165 Tompkins Avenue, #2
Brooklyn, NY 11206
Telephone: (646) 881-8777
keithclingman@gmail.com
*Pro Se Plaintiff*

/s/ *Daniel D. Edelman*
Daniel D. Edelman

6