**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF THE STATE OF NEW YORK**

---

LEONARD CLINGMAN,
      Plaintiff,

v.

FORWARD BLUE,
      Defendant.

Case No: 1:25-cv-02618-LDH-LKE

---

**MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REJECT DEFENDANT'S MOTION TO DISMISS**

Date of Service: December 13th, 2025

Leonard Clingman
Plaintiff *pro se*
165 Tompkins Ave., #2
Brooklyn, NY 11206
646-881-8777
keithclingman@gmail.com

## TABLE OF CONTENTS

I.   Introduction................................................................................4

II.  Argument in Reply........................................................................4

    A.  Defendant was untimely regardless of Plaintiff's consent to an extension of time.5

    B.  Defendant's timely filing of its request for an extension of time did not make the MTD timely or mean Defendant did not have to move pursuant to FRCP Rule 6(b)(1)(B) after it missed the Ordered deadline...........................................6

    C.  Defendant has been prejudiced, although a showing of the same is not required..8

III. Conclusion..................................................................................8

IV.  FRCP Rule 10(c) statement...............................................................8

## TABLE OF AUTHORITIES

**Cases**

*Dombroff v. Greene*, (In re Dombroff), 192 B.R. 615 (S.D.N.Y. 1996)..........................................6

*Franzone v. Elias,*, (In re Elias), 13-cv-1269 (CBA), 2014 WL 1095589 (E.D.N.Y. Mar. 25, 2014)].......................................................................................................................................6

*Maness v. Meyers*, 419 U.S. 449 (1975)...............................................................................5

*United States v. Mine Workers*, 330 U. S. 258, 330 U. S. 293 (1947)...............................................5

**Statutes/Rules**

FRCP Rule 6(b)(1)(A)..................................................................................................6, 7

FRCP Rule 6(b)(1)(B)...................................................................................................7

FRCP Rule 16(b)(4)......................................................................................................5

Indiv. Practices of The Hon. LaShann DeArcy Hall III (B)(1)........................................................5

## I. Introduction

Plaintiff's instant motion (the "Motion") seeks to reject Defendant's Rule 12(b)(6) motion (the "MTD") on the grounds that a) it was untimely in that Your Honor Ordered that motion served by November 11th, 2025, and Defendant did not serve the motion until November 25th, 2025[1] b) upon that MTD becoming untimely, Defendant failed to make the requisite motion demonstrating good cause and excusable neglect for its untimeliness pursuant to FRCP Rule 6(b)(1)(B) and, c) failing to demonstrate the requisite good cause in its initial application to this Court for an extension of time.

Defendant opposes this position and claims that its service of the MTD was timely, while incredulously attempting to characterize Plaintiff's Motion as "abusive" and in bad faith.

## II. Argument in Reply

Said simply, Defendant missed an unambiguous Court-ordered deadline, among other improprieties, and is now trying to avoid the consequences by shifting the blame onto Plaintiff while ignoring clear statutes, precedential case law and the rules of this Court.

Amidst that bluster- and indignance-filled attempt, Defendant claims that its acts were timely because Plaintiff had previously agreed to an extension of time for Defendant to serve its MTD.

Ultimately, Defendant's argument, and attempt to characterize Plaintiff as the offending party, is meritless as a matter of law.

---

[1] Defendant is correct in that Plaintiff consented to an extension of time, however, this did not absolve Defendant of its obligation to timely file as detailed later in this memorandum

*Clingman v. Forward Blue*                                                            4

## A. Defendant was untimely regardless of Plaintiff's consent to an extension of time.

*"[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings."* [quoting *United States v. Mine Workers*, 330 U. S. 258, 330 U. S. 293 (1947)]

It is a *"basic proposition that all orders and judgments of courts must be complied with promptly. . .Persons who make private determinations of the law and refuse to obey an order generally risk. . .contempt even if the order is ultimately ruled incorrect."* [quoting *Maness v. Meyers*, 419 U.S. 449 (1975)]

Defendant's primary argument–an argument which notably contains negligible proffered legal basis–amounts to a position that because Plaintiff consented to an extension of time for Defendant to serve its MTD that it was somehow relieved of this Court's original Order to serve its MTD by November 11th and was therefore not untimely in serving that MTD on November 25th.

This Court's Individual Practice ("IP") III(B)(1) is unambiguous in demonstrating that this was not the case. [*"No changes in a briefing schedule may be made without the Court's approval."*][2] Applying that Rule, the originally Ordered briefing schedule (the "Briefing Schedule") stood until this Court ordered otherwise, regardless of the consent of Plaintiff to extend the deadline at the request of Defendant. Therefore, when Defendant served its MTD on November 25th rather than November 11th, as was Ordered by this Court, that MTD was inarguably untimely.

---

[2] Although FRCP Rule 16(b)(4) pertains to scheduling orders stemming from a Rule 16(a) pretrial conference, it is analogous to this Court's IP III(B)(1) in that it, too, is unequivocally clear in stating that changes to an Ordered schedule require the Judge's consent (*"A schedule may be modified only for good cause and with the judge's consent."*). Here, the Scheduling Order issued by Your Honor did not stem from a full pretrial conference, but in essence was the same and, therefore, the position that Defendant's Proposed Order was not in effect until signed by this Court demonstrates further statutory grounds for Plaintiff's position.

Second Circuit courts have found the same. [See *Franzone v. Elias,*[3] (In re Elias), 13-cv-1269 (CBA), 2014 WL 1095589 (E.D.N.Y. Mar. 25, 2014)], "[a] stipulation is ineffective to extend time. . .unless 'so ordered' by the court."; *Dombroff v. Greene,*[4] (In re Dombroff), 192 B.R. 615 (S.D.N.Y. 1996), "A stipulation is ineffective to extend time. . .unless "so ordered" by the court."]

Further, Defendant's contention that Plaintiff, and not Defendant, was obligated to check in with Defendant or this Court are unfounded. Defendant unilaterally made the request and Plaintiff consented as a courtesy. This did not somehow implicate Plaintiff in the management of the Proposed Order or in Defendant's analysis of the deadline and timely submission in light of it.[5] Defendant's obligation to manage the request for an extension of time and to timely file was Defendant's and Defendant's alone.

## B. Defendant's timely filing of its request for an extension of time did not make the MTD timely or mean Defendant did not have to move pursuant to FRCP Rule 6(b)(1)(B) after it missed the Ordered deadline.

Defendant also argues that, because it initially timely filed its request for an extension of time and Proposed Order pursuant to IP I(E) and FRCP Rule 6(b)(1)(A), its service of the MTD on Plaintiff on November 25th was therefore timely.[6] In doing so, Defendant relies on case law that holds that the court has discretion to grant an extension under FRCP Rule 6(b). That case law has no application to the issue at hand, which is whether Defendant's service of its MTD was timely in light of this Court not having changed the initial Briefing Schedule and

---

[3] Finding that because the court never so-ordered a consented-to extension of time, the court-ordered deadline remained and appellant's motion filed after the court-ordered deadline was therefore untimely.

[4] Although these are bankruptcy cases, the cited quotes were not based in bankruptcy law and were rather based on general theories of procedure and deadlines in district courts

[5] Defendant acknowledges this onus to oversee the request for an extension of time in its email with Plaintiff where Defendant's counsel informs Plaintiff that he will file the letter with the court upon receiving Plaintiff's consent

[6] Notably, Plaintiff is not arguing in the instant Motion that Defendant didn't timely make its initial request for an extension of time, rather that because the Ordered deadline was November 11th and Defendant served the MTD on November 25th–without an Order changing the original deadline–Defendant's MTD is untimely.

accordingly-Ordered deadline. Instead, the provided case law speaks to the Court's inclination, discretion and guidelines in deciding when to grant a proper and timely request for an extension of time pursuant to FRCP Rule 16(b)(1)(A).[7]

Defendant also argues that "[t]his Court's outstanding endorsement of the agreed revised schedule did not somehow require Defendant to file a second motion under Rule 6(b)(1)(B) after it had already submitted a timely Unopposed Request under Rule 6(b)(1)(A) and this Court's Individual Practices, Sect. I.E." However, FRCP Rule 6(b)(1)(B) is clear; if a party misses a court-ordered deadline–as it did here–it must make a motion to extend its time to meet that deadline and must demonstrate good cause and excusable neglect in that motion for it to be granted. [See FRCP Rule 6(b)(1)(B): *"When an act may or must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect."*]

This mechanism provides a party in a situation as Defendant is in here to, upon becoming untimely in serving a motion, receive an extension to then file so long as it can show good cause and excusable neglect for missing the deadline. Here, Defendant was required to, but did, neither.

---

[7] Plaintiff maintains its argument that Defendant did not demonstrate the requisite good cause in making its request when it cited "other pre-existing scheduling concerns" and that is specifically why its Proposed Order remains unsigned

**C. Defendant has been prejudiced, although a showing of the same is not required.**

Defendant's service of its MTD was untimely and should therefore be rejected, whether Plaintiff has demonstrated prejudice or not. Still, Plaintiff has provided examples of how he was prejudiced against to show this Court the impact of Defendant's untimeliness.

In opposing Plaintiff's demonstration of prejudice, Defendant relies only on conclusory claims that its untimely service of the MTD "has caused no prejudice to Plaintiff or the Court" and is "completely without merit". Beyond Defendant's speaking for the Court, any legal argument is completely missing.

Further, Defendant's suggestion that Plaintiff should have "conferred with Defendant or sought clarification from the Court" is absurd. As stated prior, the onus regarding this MTD was on Defendant and Defendant alone. Still, Plaintiff conferring with Defendant or the Court would have entered the territory of seeking legal advice from each, which is patently improper.

Lastly, Defendant cites Plaintiff's request for alternate relief as evidence that Plaintiff's Motion is nefariously seeking more time to respond to Defendant's Motion. This is absurd and untrue. Plaintiff is requesting alternate relief in the form of an extension of time to file opposition to Defendant's MTD for the purpose of efficiency should this Court allow Defendant's MTD to proceed.

## III.    Conclusion

Defendant's MTD should respectfully be rejected as untimely and improper.

## IV.    FRCP Rule 10(c) statement.

Pursuant to FRCP 10(c), all statements made in this memorandum are, by this reference, incorporated throughout the memorandum.

I declare certify under penalty of perjury and pursuant to 28 U.S.C. § 1746(2) that the foregoing is true and correct.

Dated: December 13th, 2025                          /s/ Leonard Clingman

_____

Leonard Clingman
Plaintiff *pro se*
165 Tompkins Ave, #2
Brooklyn, NY 11206
646-881-8777
keithclingman@gmail.com

## CERTIFICATE REGARDING WORD COUNT AND PAGE LIMIT

Plaintiff certifies that this Memorandum of Law complies with the word-count limitation set forth in Local Rule 7.1(c), as well as the page limitation outlined in this Court's Individual Practices.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 13th, 2025, a true and correct copy of the foregoing was served via email and U.S. Mail on Defendant via counsel at the address provided to Plaintiff.